AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of         )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. **1:23-MJ-00832**
THE CELLULAR TELEPHONE ASSIGNED )
    CALL NUMBER ██████████ )
          (AT&T) )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):* See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A), and 2711(3)(A). Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized):*

    See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

    ☑ evidence of a crime;

    ☐ contraband, fruits of crime, or other items illegally possessed;

    ☐ property designed for use, intended for use, or used in committing a crime;

    ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with Intent to Distribute a Controlled Substance and Conspiracy to do |
| 21 U.S.C. 846 | the same. |

The application is based on these facts:

See Affidavit in Support of Application for Search Warrant. To ensure technical compliance with 18 U.S.C. 3121-3127, the requested warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration. See 18 U.S.C. 3122(b), 3123(b).

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Kyle J. Wojcik*
_____
*Applicant's signature*

TFO Kyle J. Wojcik, DEA
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___FaceTime video conference_____ *(specify reliable electronic means).*

Date: **Oct 17, 2023**
_____

*Stephanie K. Bowman*
_____
*Judge's signature*

City and state: Cincinnati, Ohio
_____

Hon. Stephanie K. Bowman, U.S. Magistrate Judge
_____
*Printed name and title*

## **AO 106   Attachment**

See Affidavit in Support of an Application for a Search Warrant.  To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order.  Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by The Drug Enforcement Administration. *See* 18 U.S.C. §§ 3122(b), 3123(b).

I declare under penalty of perjury that the foregoing is true and correct.

October 17, 2023
DATE

*s/Karl P. Kadon*
KARL P. KADON (OH 09324)
Assistant United States Attorney

**ATTACHMENT A**
**Property to Be Searched**

1.  The cellular telephone assigned call numbers ███████ **(SUBJECT TELEPHONE 1)**, whose service provider is AT&T Corporation., a wireless telephone service provider headquartered at 11760 U.S. Highway 1, North Palm Beach, FL.

2.  Information about the location of the **SUBJECT TELEPHONE** that is within the possession, custody, or control of AT&T, including information about the location of the **SUBJECT TELEPHONE** if it is subsequently assigned a different call number.

## ATTACHMENT B

## Particular Things to be Seized

### I.    Information to be Disclosed by the Provider

All information about the location of the **SUBJECT TELEPHONE** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **SUBJECT TELEPHONE** includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **AT&T**, **AT&T** is required to disclose the Location Information to the government. In addition, **AT&T** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **AT&T's** services, including by initiating a signal to determine the location of the **SUBJECT TELEPHONE** on **AT&T's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **AT&T** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.      Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 21, United States Code, Sections 841 and 846 involving ▮▮▮▮▮▮▮▮▮▮▮▮, and other as-yet known and unknown individuals.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER:<br><br>**SUBJECT TELEPHONE 1:** ███████<br>(AT&T) | Case No. ___1:23-MJ-00832___<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Kyle J. Wojcik, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c) (1) (A) for information about the location of the cellular telephone assigned call numbers ███████ ("**SUBJECT TELEPHONE 1**"), subscribed to ████████████████ Cincinnati OH 45212. The service provider for **SUBJECT TELEPHONE 1** is AT&T Corporation., a wireless provider headquartered at 11760 U.S. Highway 1, North Palm Beach, Florida and are described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b) (1).

1

3.      I am a Detective with the Erlanger Police Department located in Kenton County, Kentucky and have been so employed since April 2013. I have been a police officer for more than twelve (12) years and have completed basic law enforcement training at the Kentucky Department of Criminal Justice Training and have since received extensive training in the investigation of offenses involving controlled substances. I am currently assigned as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) and have been so assigned since June 2020. I have been previously assigned to the Northern Kentucky Drug Strike Force (NKDSF) and in other capacities where my sole responsibility was to investigate drug offenses. My duties and responsibilities have included conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code. As a DEA TFO and drug detective, I have participated in over one hundred criminal investigations seeking evidence of violations of state drug violations and the Federal Controlled Substances Act (Title 21 of the United States Code).

4.      By virtue of my involvement in drug investigations, I have become familiar with the various means and mechanisms used by narcotics traffickers to import and distribute controlled substances and to conduct their illicit business without being detected by law enforcement. I am familiar with the fact that drug traffickers make tremendous profits through drug trafficking and require large amounts of currency to operate surreptitiously. In this regard, I have obtained and executed numerous search warrants pursuant to which I have seized ledgers, notebooks, papers, and other related record-keeping instruments, all of which have been used to record multiple narcotics and related money laundering transactions, telephone books, diaries, invoices, beepers, cellular telephones, and correspondence, all of which have contained evidence of narcotic trafficking and money laundering violations.

5.      During the course of my law enforcement career, I have conducted and participated in the investigation of numerous criminal offenses, including those involved in the current investigation. I have participated in over one hundred illicit drug trafficking investigations, ranging from street level dealers to major drug suppliers.  These investigations have included the unlawful importation, possession with intent to distribute and distribution of illegal substances, the related money laundering instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities, and conspiracies associated with criminal narcotics offenses. These investigations have resulted in the seizure of narcotics, arrests of suspects, their prosecution, conviction, and the seizure of large amounts of U.S. currency; and have involved: the use of confidential informants; undercover agents; the analysis of toll records; physical surveillances and the execution of search warrants. I have planned, participated in and supervised the execution of no fewer than one hundred search warrants authorizing the search of drug traffickers, locations associated with drug traffickers and their co-conspirators, such as residences, businesses, storage facilities, outbuildings, safety deposit boxes, vehicles, telephones and electronic devices. I have testified in grand jury proceedings and have written reports and analyzed documents in the course of investigations.

6.      I have been involved in post-arrest interviews of individuals, interviewed defendants in conjunction with post-arrest proffers, interviewed confidential informants and other non-defendant individuals with knowledge of illegal drug trafficking.  During such interviews and discussions with other experienced agents, I have become familiar with the day-to-day operations of drug traffickers, distributors, and transporters of controlled substances. I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by illegal drug traffickers in the course of their criminal activities, including the use of firearms to protect their narcotics related

activities and the use of cellular telephones and personal digital assistants to facilitate communications while attempting to avoid law enforcement scrutiny.

7.      As a result of my participation in these, and other activities, I have gained particular knowledge in the use of undercover agents, confidential informants, physical surveillance, consensual recordings, investigative interviews, mail covers, garbage searches, GPS tracking devices, and pole-mounted cameras. I have been required to analyze information resulting from traditional record sources, such as, financial records, utility records, and telephone toll and subscriber records. I have further been required to analyze nontraditional record sources, such as the informal ledgers routinely maintained by narcotics traffickers listing amounts of drugs received from sources and distributed to customers and the amounts of money received from customers and owed to sources, commonly referred to as pay-owe sheets. I have also gained experience in the identification and collection of drug and non-drug evidence.

8.      I am currently assigned to the Cincinnati District Office of the DEA. I've received specialized training that focuses on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

9.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

10.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841 and 846 have been committed, are being committed, and will be committed by, ███████████████ , and other known and as-yet unknown individuals. I believe there is probable cause that the **SUBJECT TELEPHONE 1** is being used in furtherance of the aforementioned crimes and that there is also probable cause to believe that the location of the **SUBJECT TELEPHONE 1** will constitute evidence of those criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

11.     The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

## **BACKGROUND OF CASE**

12.     In April of 2023, Agents from the DEA-Cincinnati District Office (DO) and United States Postal Inspection Service (USPIS) initiated an investigation into the drug trafficking activities of a local source of supply hereinafter referred to as a Hamilton County Heroin Task Force Confidential Source (CS-1)[1].  Throughout the investigation, agents conducted surveillance, obtained search warrants for ping data on CS-1's phone(s), installed a pole camera at 301 W. North Bend Road in Cincinnati, Ohio which was a residence that CS-1 used as a "stash location", and a pole camera at 6231 Hammel Avenue in Cincinnati where CS-1 resided.  DEA- Cincinnati DO agents and USPIS agents also utilized a USPIS Cooperating Defendant (CD-1)[2] who made a

---

[1] CS-1 is cooperating for case consideration and the information that has been provided has proven truthful and been independently corroborated by agents.
[2] CD-1 was cooperating for case consideration and the information that was provided was proven truthful and corroborated by agents.

controlled purchase of cocaine from CS-1.  All of the events ultimately led to my application to this Court for search warrants.

13.     On October 6, 2023, United States Magistrate Judge Karen L. Litkovitz authorized search warrants for 301 W. North Bend Road and 6231 Hammel Avenue.

14.     On October 10, 2023, DEA-Cincinnati DO executed the two search warrants and seized firearms, approximately one kilogram of cocaine, US currency, and drug packaging materials.  Agents were able to locate CS-1 who was taken into custody.

15.     TFO Joshua Schlie and I conducted an interview of CS-1 who advised that h/she is supplied by a Hispanic male h/she knows as ████ that drives a blue truck.  CS-1 stated that h/she meets ████ on Dunn Street in Lockland and had recently obtained a kilogram of cocaine from ████  CS-1 stated h/she receives kilograms of cocaine from "Paco" for $17,000.00 dollars and gets approximately one (1) kilogram from him two (2) to three (3) times a week.  CS-1 stated that h/she met ████ through ████ and described ████ as a close associate to ████ ████.  CS-1 consented to a search of his/her cellular phone and identified **SUBJECT TELEPHONE 1** as ████ phone number but said that he doesn't keep the same phone number for long and constantly changes them.

16.     Later that day, DEA-Cincinnati DO agents and I conducted surveillance in the area of 406 and 407 Dunn Street. While on surveillance I observed an older green pickup truck with the words, ████ on the driver's side door parked behind 407 Dunn Street and a dark blue GMC pickup truck with Ohio license plate PLJ 1221 parked in the street in front of the residence.  I also observed a Hispanic male walking around in the backyard of the residence, next to a silver Nissan SUV.

---

[3] TFO Schlie is familiar with ████ because he was a target of previous DEA investigation.

17.     TFO Joshua Schlie ran an inquiry on Ohio license plate PLJ 1221 and found that it was registered to ████████████████████████████████████████ in Cincinnati, Ohio.

18.     Utilizing a commercial database available to law enforcement I found that ████████ ████████ had listed her most recent address as ████████████████████████████. I conducted an open source search of Facebook where I found a ████████████████. I observed a photograph[5] on her Facebook of her with an unknown Hispanic male. Based on the Facebook photograph of the unknown Hispanic male a law enforcement database generated a lead through which agents located a government photograph of ████████████████.

19.     During a review of the contents of the CS-1's phone I found that since February 26, 2023, ████████ had used approximately eight (8) different phone numbers to communicate with CS-1.  Below are conversations[7] between **SUBJECT TELEPHONE 1** and other phone numbers associated with ████████ and ████████████ (CS-1).



| Date and Time: | From: | Message: |
|---|---|---|
| February 26, 2023 at 2:14:36PM | ████████ | ████████████ |
| April 1, 2023 at 10:10:45PM | ████████ | ████████ |
| April 29, 2023 at 2:38:00PM | ████████ | I heve the food ready here with me but i heve another one. I don't know if You want to try it good first |
| May 30, 2023 at 11:28:01AM | ████████ | ████████████ |
| June 13, 2023 at 2:47:49PM | ████████ | Is my new |

---

[4] Facebook.com/████████████████
[5] Facebook.com/████████████████.
[6] ████████████████ was a target in a previous DEA investigation and was arrested for Distribution of Cocaine.
[7] This table is only a portion of the text messages between ████████ and CS-1.

| July 13, 2023 at 3:06:52PM | ███████████ | Jeeeiii I'm hooligans new |
|---|---|---|
| August 15, 2023 at 11:41:22AM | ███████████ | I'm the hooligans is the new # |
| October 6, 2023 at 5:43:44PM | **SUBJECT TELEPHONE 1** | 4 minutes I'm here now |
| October 6, 2023 at 6:34:15PM | **SUBJECT TELEPHONE 1** | ███████████ |

20.     In two (2) of the above messages from the ████████████████████ ███████████████████████ each give an address on ████████ that are in close proximity to each other, indicating to me that they were utilized by ██████ principally because CS-1 advised us that is where h/she met him.  Based on my training and experience the message from the ██████ number that said, "I heve the food ready here with me but i heve another one. I don't know if You want to try it good first," indicates to me that ██████ was using code[8] to tell CS-1 that drugs were in.  The messages from ██████████████████████████████ █████████████, and ████████████████████████ all indicate they are new numbers which coincides with what CS-1 said in the interview that ████████ frequently changes numbers. In the message from **SUBJECT TELEPHONE 1** that said "4 minutes I'm here now," indicates to me that ██████ was meeting with CS-1 to deliver drugs and █████████████ meant that CS-1 did not pay the full amount for what he was purchasing.

21.     An administrative subpoena was served to AT&T for **SUBJECT TELEPHONE 1** and a review of the records revealed it was subscribed to ████████████████████████ ██████ Cincinnati, OH. 45212. Information received from AT&T indicated the service for

---

[8] It is common for drug traffickers to use coded language when communicating with their buyer in order to avoid law enforcement detection.



**SUBJECT TELEPHONE 1** began on September 25, 2023. I conducted toll analysis on **SUBJECT TELEPHONE 1** and found it to be in contact with ███████████. An administrative subpoena was served to T-Mobile regarding the ████ number which revealed it was subscribed to ███████ with a service and billing address of ███████ ██████████████.

22.     On October 12, 2023, TFO Jansen and I met with the CS-1 to speak more about ████ CS-1 was able to physically point out the alley that he met with ████ on as Longworth Alley which runs perpendicular behind the area of ██████████. I showed CS-1 a photograph[9] of S██████████, who h/she positively identified as the person h/she knew as ██████ CS-1 advised that ███████ is ██████ nephew.

23.     Based upon my training, experience, and knowledge of this investigation I know drug traffickers and members of DTOs utilize multiple devices and frequently switch and drop cellular telephone numbers to avoid law enforcement detection. Furthermore, I am also aware that drug traffickers register their cellular devices under associates' names that aren't affiliated with the DTO in an effort to avoid law enforcement identification. Because as described above this is what he has done and being aware of the other facts uncovered in this investigation - also as set forth above - I believe it reasonable and likely that ████ is switching cellular telephone numbers in order to avoid detection.

24.     Based upon my belief that **SUBJECT TELEPHONE 1** is being used by ████ and or yet to be identified members of the DTO and because ███████████, and other yet to be identified co-conspirators, are involved in the coordination, delivery, and trafficking of drugs, I believe that the location of the of **SUBJECT TELEPHONE 1** will help reveal ██████ location and potential locations of drugs and proceeds.

---

[9] The photograph was provided from the Facial Recognition Software.

25.     In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

26.     Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the **SUBJECT TELEPHONE 1** including by initiating a signal to determine the location of the **SUBJECT TELEPHONE 1** on AT&T's network or with such other reference points as may be reasonably available.

27.     Based on my training and experience, I know that AT&T can collect cell-site data about the **SUBJECT TELEPHONE 1**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the

duration of the communication. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

28.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

29.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of SUBJECT **TELEPHONE 1** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

30.     I further request that the Court to direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T wireless services,

11

including by initiating a signal to determine the location of **SUBJECT TELEPHONE 1** on AT&T's Mobile wireless network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

31.    I further request that the Court authorize the government to install and operate a cell-site simulator to obtain dialing, routing, addressing, and signaling information from **SUBJECT TELEPHONE 1** to determine the location of **SUBJECT TELEPHONE 1**.

32.    I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate **SUBJECT TELEPHONE 1** outside of daytime hours.  I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation.   Accordingly, there is probable cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_Kyle J. Wojcik_
Kyle J. Wojcik
Task Force Officer
Drug Enforcement Administration


Subscribed and sworn to before me by reliable electronic means, specifically, FaceTime video conference on October __17th__, 2023.

_Stephanie K. Bowman_
Hon. Stephanie K. Bowman
United States Magistrate Judge

12

**ATTACHMENT A**
**Property to Be Searched**

1. The cellular telephone assigned call numbers ██████████ **(SUBJECT TELEPHONE 1)**, whose service provider is AT&T Corporation., a wireless telephone service provider headquartered at 11760 U.S. Highway 1, North Palm Beach, FL.

2. Information about the location of the **SUBJECT TELEPHONE** that is within the possession, custody, or control of AT&T, including information about the location of the **SUBJECT TELEPHONE** if it is subsequently assigned a different call number.

<u>**ATTACHMENT B**</u>

**Particular Things to be Seized**

**I.      Information to be Disclosed by the Provider**

All information about the location of the **SUBJECT TELEPHONE** described in Attachment A for a period of thirty days, during all times of day and night.  "Information about the location of the **SUBJECT TELEPHONE** includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **AT&T**, **AT&T** is required to disclose the Location Information to the government.  In addition, **AT&T** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **AT&T's** services, including by initiating a signal to determine the location of the **SUBJECT TELEPHONE** on **AT&T's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **AT&T** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* <u>18 U.S.C. § 3103a(b)(2)</u>.

**II.**     **Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 21, United States Code, Sections 841 and 846 involving ███████████████, and other as-yet known and unknown individuals.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>THE CELLULAR TELEPHONE ASSIGNED<br>CALL NUMBER ███████<br>(AT&T) | )<br>)<br>)   Case No. **1:23-MJ-00832**<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

    An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    Southern    District of       Ohio      
*(identify the person or describe the property to be searched and give its location)*:
   See Attachment A. This Court has authority to issue this warrant under 18 U.S.C. 2703(c)(1)(A) and 2711(3)(A).  Because the government has satisfied the requirements of 18 U.S.C. 3122, this warrant also constitutes an order under 18 U.S.C. 3123.

    I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
   See Attachment B

    **YOU ARE COMMANDED** to execute this warrant on or before    October 31, 2023    *(not to exceed 14 days)*
   ☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

    Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

    The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Duty Magistrate Judge   .
                            *(United States Magistrate Judge)*

    ☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☑ for  30  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of           .

Date and time issued:    **4:22 PM, Oct 17, 2023**              *Stephanie K. Bowman*
                                             *Judge's signature*

City and state:    Cincinnati, Ohio               Hon. Stephanie K. Bowman, U.S. Magistrate Judge
                                           *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**
**Property to Be Searched**

1.  The cellular telephone assigned call numbers ████████ (**SUBJECT TELEPHONE 1**), whose service provider is AT&T Corporation., a wireless telephone service provider headquartered at 11760 U.S. Highway 1, North Palm Beach, FL.

2.  Information about the location of the **SUBJECT TELEPHONE** that is within the possession, custody, or control of AT&T, including information about the location of the **SUBJECT TELEPHONE** if it is subsequently assigned a different call number.

## ATTACHMENT B

**Particular Things to be Seized**

### I.        Information to be Disclosed by the Provider

All information about the location of the **SUBJECT TELEPHONE** described in Attachment A for a period of thirty days, during all times of day and night.  "Information about the location of the **SUBJECT TELEPHONE** includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **AT&T**, **AT&T** is required to disclose the Location Information to the government.  In addition, **AT&T** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **AT&T's** services, including by initiating a signal to determine the location of the **SUBJECT TELEPHONE** on **AT&T's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **AT&T** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

## II.    Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 21, United States Code, Sections 841 and 846 involving ███████████████, and other as-yet known and unknown individuals.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.